FILED

JAN 28 2008

1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ORIZ-CALDERON, | ) |
| | ) Civ. No. 07-1933 GT |
| Petitioner, | ) Cr. No. 06-2321GT |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On October 2, 2007, Petitioner, Jose Luis Ortiz-Calderon ("Mr. Ortiz"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Essentially, Mr. Ortiz requests this Court to consider whether the recent Supreme Court ruling in <u>Rita v. United States</u>, 551 U.S. —, 127 S.Ct. 2456 (2007) alters his sentence. For the reasons stated below, the Court deems that the holding in <u>Rita</u>, does not alter Mr. Ortiz' sentence and Mr. Ortiz' Motion is **DENIED.**

//

//

First, Mr. Ortiz pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Ortiz explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Ortiz expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Ortiz is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Second, the holding in Rita does not impact Mr. Ortiz' sentence in any way. In Rita, the Supreme Court clarified that the standard of review for the appellate court of the district court's sentence is an abuse of discretion standard. This in no way alters this Court's determination of a defendant's sentence. It is simply a clarification of what standard of review the appellate court must use in reviewing the reasonableness of a sentence. Accordingly,

**IT IS ORDERED** that Mr. Ortiz' Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

1-25-08
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter